UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-166 |
| | ) | (Jarvis / Guyton) |
| | ) | |
| SANFORD MYERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. The following motions are pending and subject to disposition by this Court:

(1) Motion For Early Disclosure of Jencks Material [Doc. 37];

(2) Motion to Revise / Amend Order Entered December 29, 2006 [Doc. 38];

(3) Motion For Hearing to Determine the Existence of Alleged Conspiracy [Doc. 40] with Memorandum in Support [Doc. 41];

(4) Motion For Leave to File Memorandum in Support of Bill of Particulars [Doc. 46]; and

(5) Motion For Bill of Particulars [Doc. 42].

All pending pretrial motions are addressed herein, a hearing being unnecessary to their disposition.

1

## 1. Motion For Early Disclosure of Jencks Material

Defendant Myers moves the Court to enter an order requiring the government to submit Jencks Act materials to the defendant at least ten days prior the commencement of trial. [Doc. 37]. The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a); see also Fed. R. Crim. P. 26.2.

In his motion, Mr. Myers accurately characterizes, "the purpose of the Jencks Act is to prevent a general exploratory 'blind fishing expedition' into government files by the defense." [Doc. 37 at ¶5] citing United States v. Pope, 574 F.2d 320 (6th Cir. 1978); and United States v. Nickell, 552 F.2d 684 (6th Cir. 1977). Recognizing this, Mr. Myers distinguishes his own situation, describing that he "is not requesting to conduct a general exploratory search into government files. Rather, Mr. Myers is requesting the disclosure of specific statements of specific witnesses that would allow Mr. Myers to know what he is defending himself against." [Doc. 37 at ¶ 6].

The government responds that it intends to provide Jencks material before the trial of this matter, but objects to being ordered to do so. The government cites United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982); and Palermo v. United States, 360 U.S. 343, 351 (1959) in support of its position.

In Palermo, the Supreme Court addressed the parameters and legislative intent of the then-new Jencks Act. In language relevant to Mr. Myers' request, the Court observed that:

> Subsection (a) requires that no statement of a government witness made to an agent of the Government and in the Government's possession shall be turned over to the defense until the witness has testified on direct examination. This section manifests the general statutory aim to restrict the use of such statements to impeachment.

> Palermo, 360 U.S. at 349 (1959).

In support of his request, Mr. Myers draws the Court's attention to the fact that the Sixth Circuit favors the practice of disclosing Jencks material well before trial. This Court has reflected that preference in the Order on Discovery and Scheduling at paragraph O [Doc. 20]. The Court takes this opportunity to again strongly encourage the government to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of this trial. Should the government, however, elect to withhold these statements until after the witness has testified, meeting the bare minimum disclosure requirement of the Jencks Act and Rule 26.2, it is within its right to do so.[1]

As described by the Sixth Circuit, "the Jenks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement *after* the witness has testified." United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982) (emphasis added). The Court is cognizant that the statements sought by Mr. Myers are likely material to the optimal and thorough preparation of his defense and that early disclosure would result in the most orderly conduct of a trial for which both

---

[1] The Sixth Circuit has made clear that, "Although a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it, the court may not disregard the Jencks Act mandate. However, in most criminal prosecutions, the Brady rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." U.S. v. Presser, 844 F.2d 1275, 1285 n12 (6th Cir. 1988) (citing U.S. v. Napue, 834 F.2d 1311, 1316-17 (7th Cir. 1987); and U.S. v. Bouye, 688 F.2d 471, 473 (7th Cir.1982).

parties are best prepared. Nonetheless, under the circumstances presented by this case, there is no provision in either the Jencks Act at 18 U.S.C. § 3500 or Federal Rule of Criminal Procedure 26.2 requiring the government to produce statements by government witnesses until after the witness has testified at trial. Nothing in the Jencks Act provides a basis for the Court to order early disclosure here. United States v. Algie, 667 F.2d 569 (6th Cir. 1982). Mr. Myers is not entitled to inspect the statements of the government's witnesses, including the obliquely referenced "couple" in the police report, unless and until they testify at trial. Accordingly, defendant Myers' Motion For Early Disclosure of Jencks Act Material **[Doc. 37]** is **DENIED**.

## 2. Motion to Revise / Amend Order Entered December 29, 2006

In his Motion to Revise / Amend Order Entered December 29, 2006 [Doc. 38], Mr. Myers moves the Court to modify a paragraph E in this Court's Order on Discovery and Scheduling, [Doc. 20]. Paragraph E reads:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

Mr. Myers argues that material subject to disclosure under Brady, but which *is not* within the purview of the Jenks Act, should be disclosed sooner than that which *is* governed by Jencks. Mr. Myers posits that the Court's order erroneously applies the timing of disclosure set forth in Presser broadly to both forms of exculpatory materials. Mr. Myers asserts that Brady outside the scope of the Jencks Act should not be governed by Presser.

Presser held that material which was arguably exempt from pretrial disclosure by Jencks Act,

4

yet also arguably exculpatory material under Brady doctrine, only had to be disclosed to defendants in time for use at trial. Presser, 844 F.2d at 1285. Presser did not extend to disclosure of Brady material which falls outside the Jencks Act. The reasoning behind the Jencks rule does not apply to other material, according to the language of Presser itself. The Presser court held that to provide discovery of Brady / Jencks material at an earlier time than the Jencks Act itself mandates, "would vitiate an important function of the Jencks Act, the protection of potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial." Presser, 844 F.2d at 1285. This legislative concern is not implicated in non-Jencks Brady material, and Presser does not extend to non-Jencks Brady material.

This Court already has entered a general discovery order formally requiring the government to comply with the Brady rule. When this is true, the Presser court observed, "The government remains under its constitutional duty to provide the defense with exculpatory material in its possession and will have to face the consequences if it fails to comply with this duty." Presser 844 F.2d at 1286. It is clear from Presser that the decisions which have construed the Brady doctrine continue to control the timing of non-Jencks Brady material.

The Court has correctly ordered the timing of the disclosure pursuant to United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). Defendant himself cites Presser for the fundamental proposition that mater which may be described as "Brady material" but is not Jencks material must be disclosed sooner than material which is both Brady and Jencks. The Court agrees; thus Presser correctly controls the timing of disclosures subject to paragraph E of the Order on Discovery and Scheduling. Accordingly, the Court finds no revision is necessary and Mr. Myers' Motion to Revise / Amend Order Entered December 29, 2006 **[Doc. 38]** is **DENIED**.

5

### 3. Motion For Hearing to Determine the Existence of Alleged Conspiracy

Mr. Myers asks the Court to conduct a hearing to determine the existence of the criminal conspiracy alleged by the government. [Doc. 40] and [Doc, 41]. Mr. Myers asserts that a pretrial hearing to determine whether or not the government may satisfy its burden of proof on the existence of a conspiracy is appropriate before any co-conspirator statements may be admitted in the government's case-in-chief at trial.

The government resists this request as burdensome, time-consuming and uneconomic. The government further objects that Mr. Myers would be unfairly afforded additional discovery of the government's case beyond that otherwise provided. [Doc. 44].

Under Federal Rules of Evidence Rule 801(d)(2)(E), "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." In order for the government to avail itself of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979). This three-tiered review is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978).

The Sixth Circuit approves of three alternative methods by which a district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the

course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility.  Vinson, 606 F.2d at 152-53.  While all three methods for making an Enright finding are valid, the Sixth Circuit has criticized the first alternative as burdensome, time consuming and uneconomic.  This Court notes that it is the custom and general practice in this district to use the third of these options.  In any event, the request relates directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Judge James Jarvis.  As to the timing of an Enright finding, District Judge Jarvis will decide whether he desires to choose a method besides the third option before or during trial, as he deems appropriate.  Accordingly, Mr. Myers' Motion For Hearing to Determine the Existence of Alleged Conspiracy **[Doc. 40]** is **DENIED**.

### 4. Motion For Leave to File Memorandum in Support of Bill of Particulars

Mr. Myers asks for leave to late-file a memorandum in support intended to be filed contemporaneously with his Motion for Bill of Particulars; this request is **GRANTED [Doc. 46]**.

### 5. Motion For Bill of Particulars

In his Motion For Bill of Particulars [Doc. 42], Mr. Myers moves the Court to order the government to provide a bill of particulars more clearly identifying the nature and circumstances of the criminal conduct alleged in the indictment.  Mr. Myers is charged in the first four counts of a nine-count indictment. Three other defendants are charged in the indictment. As to Mr. Myers, the indictment charges:

> Count One: The Grand Jury charges that on or about February, 2005, continuing until in or about December, 2005, in the Eastern District of Tennessee, the defendants, SANDFORD [sic] MYERS, M.D., JAY CHRISTOPHER RIDENOUR, WILLIAM LARRY CUMMINGS and

7

CHARLES RIDENOUR, and others known and unknown to the grand jury, did combine, conspire, confederate and agree to knowingly, intentionally and without authority violate Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); that is, to possess with intent to distribute and to distribute oxycodone hydrochloride, a Schedule II controlled substance in violation of Title 21, United States Code, Section 846.

Count Two: The Grand Jury further charges that on or about May 26, 2005, in the Eastern District of Tennessee, the defendant, SANFORD MYERS, M.D., did knowingly, intentionally and without authority distribute oxycodone hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

Count Three: The Grand Jury further charges that on or about June 27, 2005, in the Eastern District of Tennessee, the defendant, SANFORD MYERS, M.D., did knowingly, intentionally and without authority distribute oxycodone hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

Count Four: The Grand Jury further charges that on or about September 26, 2005, in the Eastern District of Tennessee, the defendant, SANFORD MYERS, M.D., did knowingly, intentionally and without authority distribute oxycodone hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

Indictment [Doc. 3] [emphasis in original].

Mr. Myers seeks particularity as to the following six aspects of the indictment:

1. Identify each and every unindicted co-conspirator with whom the government contends the defendant, Sanford Myers, "did combine, conspire, confederate, and agree" to commit the alleged offense as those terms are used in Count One of the Indictment [Doc. No. 3], and particularize his or her participation in said conspiracy, including the dates of his or her involvement.

2. Particularize the nature of any alleged relationship between the defendant, Sanford Myers, and each and every person identified in response to Request No. 1 above, and each named co-defendant.

3. Particularize the dates that the defendant, Sanford Myers, "did combine, conspire, confederate, and agree" with any person to commit the alleged offense as those terms are used in Count One of the Indictment. [Doc. No. 3]

4. Particularize how and in what manner the defendant, Sanford Myers, "did combine, conspire, confederate, and agree" with the co-defendants, or other persons to commit an offense against the United States as those terms are used in Count One of the Indictment [Doc. No. 3], whether by formal agreement, signed document, course of conduct or otherwise, including the act or acts alleged to have formed the basis of such conspiracy, confederation or agreement.

5. Particularize the precise location of each and every act described in response to Request No. 4 and the name of each and every person other than the defendant involved in each act.

6. Particularize the nature of the alleged relationship between the defendant, [Sanford Myers], and each and every person identified in response to Request Nos. 4 and 5 above.

Motion For Bill of Particulars [Doc. 42].

Mr. Myers presents that without further information about the government's allegations, he is "uninformed as to the precise charges against him, unable to prepare his defense, postured for surprise at trial. and is unable to defend against future charges that may violate the constitutional guarantee against double jeopardy." [Doc. 46-2 at pages 1-2]. Mr. Myers relies upon Federal Rules of Criminal Procedure, Rule 7(f) and discussion of caselaw.

The government responds that the indictment is adequate to provide notice of the nature of the charges, which is all that is required. [Doc. 43 at page 2]. The government argues that Mr. Myers' requests seek to discover details of the government's case and evidence that go beyond that to which he is entitled.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

### A. Co-Conspirators

In paragraphs one and two of his request, Mr. Myers seeks information about, and the identities of, any co-conspirators with whom he is alleged to have interacted, including his relationship to such person. The Sixth Circuit has held that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004), cert. denied, 542 U.S. 910 (2004). Furthermore, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190

(6th Cir.), cert. denied, 510 U.S. 903 (1993). Accordingly, the government is not required to produce the names of any unindicted co-conspirators or other witnesses present when the defendants participated in the overt acts of the conspiracy.

### B. Dates of Defendant's Involvement in Conspiracy

In paragraph three, Mr. Myers seeks information regarding dates when he is alleged to have` participated in the conspiracy. The indictment alleges that the defendant Sanford Myers, the three named co-defendants, along with "others known and unknown to the Grand Jury," engaged in the subject conspiracy from February, 2005, to December, 2005. The remaining counts of the indictment charge the defendants with offenses occurring on specific dates. The other counts pertaining to Mr. Myers are alleged in the indictment to have occurred on May 26, 2005, June 27, 2005, and September 26, 2005.

The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989), cert. denied, 493 U.S. 1030 (1990).

The indictment alleges that the conspiracy in this case existed from February 2005 to approximately December 2005. To the extent that the defendant Sanford Myers' involvement in the conspiracy was a time period shorter than the entire conspiracy, the government shall be required to provide the dates that he entered the conspiracy and when his participation in the conspiracy ended.

### C. Nature and Location of Defendant's Conduct

Paragraphs four, five and six of Mr. Myers' request address themselves to the precise nature of the conduct alleged by the government, "whether by formal agreement, signed document, course of conduct or otherwise;" the location of such conduct; and Mr. Myers' relationship with persons purportedly involved in this conduct. The Sixth Circuit rule is that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. The three dated overt acts alleged in the indictment provide sufficient notice to Mr. Myers. The Court has ordered a more precise statement of the dates of his involvement. Accordingly, the Court finds that the defendant is not entitled to a bill of particulars regarding the precise nature of the alleged overt acts of the conspiracy, to include their location beyond that specified in the indictment and the nature of the relationship(s) of the participants.

### D. Conclusion

The Court finds that the indictment as a whole sufficiently apprises Mr. Myers of the charges that he is facing to permit him to prepare his defense, to avoid surprise at trial, and to protect against a double jeopardy violation. Mr. Myers' Motion for a Bill of Particulars **[Doc. 42]** is **GRANTED** to the extent set forth herein at §B as to the dates of his involvement in the conspiracy and **DENIED** as to the remainder of the relief sought by defendant.

## 6. Conclusion

Accordingly, it is ORDERED:

(1) Motion For Early Disclosure of Jencks Material **[Doc. 37]** is **DENIED**;

(2) Motion to Revise / Amend Order Entered December 29, 2006 **[Doc. 38]** is **DENIED**;

(3) Motion For Hearing to Determine the Existence of Alleged Conspiracy **[Doc. 40]** is **DENIED**;

(4) Motion For Leave to File Memorandum in Support of Bill of Particulars **[Doc. 46]** is **GRANTED**;

(5) Motion For Bill of Particulars **[Doc. 42]** is **GRANTED** as to the dates of his involvement in the conspiracy and **DENIED** as to the remainder.

IT IS SO ORDERED.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge